UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                     :        18CV4970(DLC)
TYQUAN MORRIS,                   :        16CR0081(DLC)
                Movant,   :
           -v-              :     MEMORANDUM OPINION
                                   :        AND ORDER,
UNITED STATES OF AMERICA,     :     28 U.S.C. § 2255
                                   :
              Respondent.  :
                                   :
------------------------------------------X

DENISE COTE, District Judge:

On June 4, 2018, Tyquan Morris ("Morris") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to be resentenced. In 2016, Morris pleaded guilty to possessing ammunition and was sentenced principally to a term of imprisonment of ten years. Morris asserts three claims of ineffective assistance of counsel in connection with his plea. The Government has opposed the petition, and in reply Morris has abandoned his initially-asserted claims. Instead, Morris brings three new claims asserting that his counsel was ineffective at the time of sentencing. For the following reasons, the petition is denied.

## Background

On September 3, 2015, Morris fired two shots down a street in the Bronx toward individuals with whom he had been arguing. The shooting was captured on videotape. No one was injured.

1

On February 4, 2016, Morris was charged in a one count indictment with being a convicted felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) and (2). Morris was arrested on February 17, and the Federal Defenders were appointed to represent him.

On May 19, 2016, Morris pleaded guilty pursuant to a plea agreement ("Agreement"). In the Agreement, the parties stipulated that the offense level was 21 and the Criminal History Category was IV, with a guidelines range of 57 to 71 months' imprisonment. That calculation included a four-level adjustment because Morris used or possessed ammunition in connection with another felony offense. The parties reserved their right to present relevant sentencing information to the Probation Office and to the Court. The parties also acknowledged their understanding that the Agreement was not binding on the Court.

During the allocution, Morris was placed under oath and acknowledged that no one could give him any assurance of what his sentence would be because the Court would be making that decision. The Court explained that after it received a Presentence Report prepared by the Probation Office, it would calculate a sentencing guidelines range, and consider it, along with "all of the other information" presented by the parties and

2

the factors set forth in 18 U.S.C. § 3553(a) before imposing sentence. Morris indicated that he was satisfied with the representation provided to him by his attorneys.

On August 26, 2016, Morris was sentenced principally to 120 months' imprisonment. In doing so the Court emphasized the safety of the community and the likelihood of recidivism.

On September 2, 2016, Morris appealed his sentence as procedurally and substantively unreasonable. The conviction was affirmed on September 20, 2017.

At the time of the 2015 shooting, Morris was on supervised release following a conviction in this district for conspiracy to distribute narcotics. He had been sentenced principally to 76 months' imprisonment for that crime on February 8, 2013. Prior to the shooting, the Probation Department had filed three specifications of violation of supervised release. Following his arrest for the shooting, the shooting was added as a fourth specification. On June 22, 2016, Morris admitted to the fourth specification. On January 12, 2017, Morris was sentenced to ten months' imprisonment on the fourth violation, with four months to run concurrent to the ten-year sentence imposed on August 26, 2016. Morris has not appealed that ten-month sentence.

## Discussion

In his June 4, 2018 petition, Morris asserts that his counsel was ineffective at the time he entered his plea of guilty for failing to (1) object when the Court failed to advise him that it would utilize the Sentencing Guidelines in imposing sentence, how it would apply them, or that his prior convictions would be considered in calculating his guidelines; (2) advise him of the consequences that his plea of guilty would have on his pending violation of supervised release for the shooting, and (3) explain that the terms of supervised release would include cooperation in the collection of DNA, regular drug testing, and a reasonable search by a Probation Officer. He asserts as well that defense counsel on appeal was ineffective for not challenging on appeal the Court's failure during the plea allocution to advise him of the way in which the Court would determine his sentence.

The Government opposed the petition, relying extensively on the plea allocution. In his reply of October 12, 2018, Morris abandons any claim that his counsel was ineffective at the time he entered his plea. Instead, he presents three new claims

associated with his representation at the time of his

sentencing.[1]

In his reply, Morris first contends that defense counsel

was ineffective in not objecting at the time of sentence to the

Government offering and the Court considering a video of the

shooting incident.  Morris argues that, because he had not been

advised at his plea allocution that the Court would consider the

video, his plea was not knowing and voluntary.  He suggests that

the Government's submission of the video to the Court

constructively violated the spirit of the parties' plea

agreement.

This claim must be dismissed.  The Agreement explicitly

reserved for the parties their right to present relevant

information to the Court at the time of the sentence.  The Court

explained at the time of the plea allocution that it would not

determine Morris' sentence until it had considered all the

information presented by Morris and counsel for the Government

and Morris, as well as the Presentence Report.  A schedule for

those submissions was set at the end of the plea proceeding.

Nothing said in either the Agreement or at the conference at

---

[1] Because Morris filed his reply memorandum within the one-year
statute of limitations imposed by 28 U.S.C. § 2255, Morris' new
claims are timely.  See 28 U.S.C. § 2255(f)(1); Clay v. United
States, 537 U.S. 522, 527 (2003).

which Morris presented his plea of guilty suggested that the Court would be limited in sentencing Morris to the information he gave in his plea allocution.  The videotape of the actual shooting was relevant information for the sentence, and Morris does not suggest otherwise.

Morris makes two additional arguments, which are related. Morris argues that his counsel was ineffective at sentence for failing to explain what had prompted Morris to commit the shooting.  Morris explains that another video shows an altercation that had happened earlier in the day and demonstrates that he acted under "duress" when he fired the weapon.  According to Morris, that video showed a man brutally attacking Morris' brother-in-law.  Finally, Morris contends that defense counsel was ineffective at sentence for failing to object to the four-level guidelines enhancement for use of ammunition in connection with another felony offense.  Morris reasons that there was no other offense committed because the shooting was justified by the defense of duress.  Morris adds that counsel was also ineffective for allowing him to enter a plea agreement with the Government that included the four-level enhancement.

As the Court of Appeals recently described in United States v. Hernandez, the defense of duress is narrow.  894 F.3d 496,

503 (2d Cir. 2018).  An accused relying on the defense must establish "(1) a threat of force directed at the time of the defendant's conduct; (2) a threat sufficient to induce a well-founded fear of impending death or serious bodily injury; and (3) a lack of a reasonable opportunity to escape harm other than by engaging in the illegal activity."  Id.  While Morris' motives in firing the weapon down the street were relevant to his sentence, those motives, including the altercation earlier in the day, did not constitute a defense to the charged crime or to the illegal firing of the weapon.  Therefore, he has presented no ground on which to grant his petition.

In a letter of December 10, 2018, Morris emphasizes that on the day he fired the gun, it would have been dangerous for him to report to the police the danger that others posed to his family, as evidenced by the altercation that day.  He acknowledges that what he did to protect his family was wrong, and he is thankful he hurt no one when he fired the gun.  He asks for another chance and for a resentencing.

This crime was tragic from several perspectives, including from the perspective of the petitioner.  Morris has presented no legal or factual argument, however, that gives him a right to be resentenced.

## Conclusion

Morris' June 4, 2018 petition for a writ of habeas corpus is denied. Because Morris has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. 2253(c); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45, (1962).


Dated:    New York, New York
          March 5, 2019

                              _____
                                    DENISE COTE
                           United States District Judge