UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
                                 :
UNITED STATES OF AMERICA         :
                                 :
              -v-                :            16cr81 (DLC)
                                 :
TYQUAN MORRIS,                   :            18cv4970 (DLC)
                                 :
                  Defendant.  :               ORDER
                                 :
-------------------------------- X

DENISE COTE, District Judge:

      On March 5, 2019, Tyquan Morris's petition of June 4, 2018

for a writ of habeas corpus ("2018 Petition") was denied.

Morris v. United States, 366 F. Supp. 3d 575, 576 (S.D.N.Y.

2019).  In the course of litigating the 2018 Petition Morris

abandoned his attack on his plea of guilty and sought instead to

be resentenced.  This Chambers mailed a copy of the decision to

Morris at the Bureau of Prisons facility U.S.P. Canaan in

Waymart, Pennsylvania on March 5, 2019.[1]

      In a motion received on August 15, 2019 ("2019 Petition"),

Morris seeks to add an additional argument to his 2018 Petition.

This additional argument is that an element of his crime of

conviction -- that the ammunition he possessed had travelled in

interstate commerce -- was not adequately explained to him at

---

[1] Ordinarily, the time to appeal the denial of the 2018 Petition
would have expired in May 2019.  Under 4(a)(1)(B), Fed. R. App.
P., a notice of appeal must be filed "within 60 days after the
judgment or order appealed from is entered."

the time he entered his plea of guilty.  This renewal of an attack on the validity of his plea of guilty is a successive petition and must be filed before the United States Court of Appeals for the Second Circuit.  As described below, the record from his plea allocution does not support Morris' 2019 Petition.

Meanwhile, on August 20, 2019, Morris notified the Court that the Bureau of Prisons had moved him to Federal Correctional Institution Ray Brook in Ray Brook, New York ("FCI Ray Brook"). On September 28, Morris requested that the Clerk of Court inform him of the status of his 2018 Petition and his 2019 Petition. On October 9, the Clerk of Court mailed a copy of the docket sheet to Morris at the wrong address.  It was addressed to an FCI Ray Brook in Pennsylvania, not New York.

Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in [§] 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h). "Before a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244 (b)(3)(A).  When a petitioner files a successive habeas petition without obtaining certification from the Court of Appeals, "the district court should transfer the petition or motion to th[e

Court of Appeals] in the interest of justice." Corrao v. United States, 152 F.3d 188, 190 (2d Cir. 1998) (citation omitted). "Generally, a § 2255 petition is second or successive if a prior § 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits." Id. at 191 (citation omitted).

The 2019 Petition raises claims regarding the same conviction adjudicated in Morris's 2018 Petition, which was decided on the merits by this Court in March 2019. Accordingly, Morris's August 15 motion to amend is a "second or successive" petition for purposes of § 2255, and this Court is without jurisdiction to decide it absent leave from the Court of Appeals.

In pursuing his 2019 Petition, Morris should be aware of the following. At the May 19, 2016 plea allocution, the Court advised Morris that the indictment charged that the bullets he possessed had been transported in interstate commerce before the date he possessed them. The Government proffered that it would be able to show that the ammunition had been manufactured outside of New York State. Moreover, if there were any deficiency in the Rule 11 allocution, Morris was required to first raise that argument in a direct appeal from his conviction. Bousley v. United States, 523 U.S. 614, 621 (1998)

3

("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); see also Gupta v. United States, 913 F.3d 81, 84 (2d Cir. 2019) (citation omitted) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice.").

If Morris instead frames his petition as a claim that his attorney was ineffective in not challenging the allocution, that argument is likely to be rejected as well.  To prevail on an ineffective assistance of counsel claim, Morris must show that his counsel's representation "fell below an objective standard of reasonableness" and "that he suffered prejudice."  Fulton v. Graham, 802 F.3d 257, 265 (2d Cir. 2015) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).  Since there was no error in the allocution itself, Morris cannot show that his attorney's performance prejudiced him.

Accordingly, it is hereby

ORDERED that the Clerk of Court shall transfer the 2019 Petition to the Court of Appeals for treatment as a successive

petition.[2]

      SO ORDERED:

Dated:     New York, New York
           June 25, 2020

                                DENISE COTE
                 United States District Judge

---

[2] As of today, the Bureau of Prisons inmate locator indicates that Morris is currently incarcerated at FCI McKean in Bradford, Pennsylvania.

Copy mailed to:
Tyquan Morris (Reg. No. 70652-054)
FCI McKean
Federal Correctional Institution
P.O. Box 8000
Bradford, PA, 16701