UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

UNITED STATES OF AMERICA,

                    -v-

TYQUAN MORRIS,

                              Defendant.

---------------------------------

16cr81 (DLC)

MEMORANDUM OPINION
AND ORDER

DENISE COTE, District Judge:

On August 1, 2024, defendant Tyquan Morris moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  The motion is granted.

## **Background**

On May 19, 2016, Morris pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  The offense was subject to a statutory maximum sentence of 120 months' imprisonment.

The Presentence Report calculated the defendant's Sentencing Guidelines range as 57 to 71 months' imprisonment, based on an offense level of 21 and a criminal history category of IV.  The defendant received five criminal history points under § 4A1.1(a) and (c) for prior convictions in state and federal court and two points under U.S.S.G. § 4A1.1(d) because the defendant was under supervised release at the time he

committed the instant offense.  On August 26, the defendant was sentenced principally to a term of 120 months' imprisonment.

On September 2, 2016, the defendant appealed his sentence to the Second Circuit.  On November 14, 2017, the conviction was affirmed by summary order.  The defendant filed a habeas corpus petition to vacate his sentence pursuant to 18 U.S.C. § 2255 on June 4, 2018.  The motion was denied on March 5, 2019.  On August 15, 2019, the defendant filed a motion to amend his petition pursuant to 28 U.S.C. § 2255, which was transmitted to the Second Circuit as a successive petition.  The petition was denied on March 16, 2021.  On May 3, the defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 2582(c)(1)(A).  The motion was denied on May 12.

On March 20, 2024, the Probation Department issued a report indicating that Morris is eligible for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The amendment went into effect on November 1, 2023 and applies retroactively.  On August 1, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821.  On August 15, the Government filed a response indicating that it does not object to a reduction of the defendant's sentence to a sentence not less than time served.  Morris is due to be released from custody on February 9, 2025.  On February 9, 2024,

he was released to a residential reentry facility.  He is currently employed.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a

term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021). Courts may not reduce a sentence below time served. See Martin, 974 F.3d at 139. A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding. Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)." United States v. Brooks, 891 F.3d 432, 436 (2018) (addressing a denial to reduce a sentence pursuant to Amendment 782). In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. Id. at 437. If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence. Id.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 modified the

calculation of criminal history points under U.S.S.G. § 4A1.1(d)
for those who committed the offense of conviction while under a
criminal justice sentence including while under supervised
release ("status points").  As relevant here, the amendment
removed the status points assessed to defendants with six or
fewer criminal history points as calculated under U.S.S.G.
§4A1.1.  Amendment 821 was informed by studies of criminal
history points that found that status points are "relatively
common" in cases where defendants received at least one criminal
history point, and that while an offender's criminal history is
"strongly associated with the likelihood of future recidivism,"
status points "add little to the overall predictive value
associated with the criminal history score."  U.S.S.G. App. C,
Amendment 821, Reason for Amendment.

The applicable policy statement in the Sentencing
Guidelines states that a defendant is eligible for a sentence
reduction based on a subsequently lowered sentencing range so
long as the amendment is retroactive, see U.S.S.G.
§ 1B1.10(a)(2)(A), and actually lowers the defendant's
Guidelines range.  Id. § 1B1.10(a)(2)(B).  It requires a court
to consider the factors set forth in 18 U.S.C. § 3553(a) as well
as the "nature and seriousness of the danger to any person or
the community that may be posed by a reduction in the

defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction.  Id. § 1B1.10, Application Note 1(B)(i)-(ii).  A court may also consider a defendant's post-sentencing conduct.  Id. § 1B1.10, Application Note 1(B)(iii).

Morris is eligible for a sentence reduction pursuant to Amendment 821.  His amended criminal history point calculation is five, and his amended criminal history category is III.  His amended Guidelines range is therefore calculated at 46 to 57 months' imprisonment.  This represents a reduction from the original Guidelines range of 57 to 71 months' imprisonment.

Consideration of the § 3553(a) factors supports imposition of a sentence of time-served.  Morris is currently assigned to a half-way house and employed full time.  Release from Bureau of Prisons custody to supervised release will assist the defendant in his efforts to assume family responsibilities and integrate himself successfully into the community.

## **Conclusion**

Morris's August 1, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c) and U.S.S.G. § 1B1.10 is granted.  The defendant is sentenced to a term of imprisonment

of time-served, with the term and conditions of supervised

release originally imposed.

Dated:      New York, New York
            August 19, 2024

                                    _____
                                         Denise Cote
                              United States District Judge